JOHN M. GREER, clerk, plaintiff in error, *vs.* THE SOUTH-WESTERN RAILROAD COMPANY, defendant in error.

When the plaintiff, after a verdict against him, makes a motion for a new trial, and then dismisses the motion, he alone is liable to the officers of court for costs. The officers are not entitled to have a judgment for costs against the defendant.

Costs. New.Trial. Before Judge CLARK. Macon Superior Court. December Term, 1876.

The motion of Greer, as clerk of the superior court, to enter up judgment against the Southwestern Railroad Company for costs, in a case hereinafter mentioned, was sub-

mitted to the court upon the following agreed statement of facts :

At the December term of said court, 1874, the case of Bonaud *vs.* said company, being an action on the case, was heard, and a verdict returned in favor of the defendant ; a motion for new trial was made, at that term, by counsel for Bonaud, a rule *nisi* granted, and service perfected upon defendant. Pending said motion for new trial, the defendant agreed to pay, and did pay, to plaintiff $50.00 for counsel fees, in consideration of which the plaintiff agreed to dismiss his motion. Such motion was then dismissed, but the costs were not paid.

The court overruled the motion, and movant excepted.

THOMAS P. LOYD, by S. C. ELAM, for plaintiff in error.

R. F. LYON, by W. A. HAWKINS, for defendant.

BLECKLEY, Judge.

Where the plaintiff, after a verdict is found against him, moves for a new trial, and then dismisses his motion, the officers of court are not entitled to have an order to enter up judgment against the defendant for costs, although the dismissal of the motion was induced by the defendant's agreeing to pay, and paying, the fee of the plaintiff's attorney. Under such circumstances, the plaintiff is the party cast, and therefore liable for costs. Making a motion for new trial, and then selling it out to save his attorney's fee, cannot protect the plaintiff from a judgment for costs—Code, §§3675, 3685.

Judgment affirmed.